IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTOPHER WALKER, | ) |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| SERAC USA, | ) |
| Defendant. | ) |

## COMPLAINT

Now comes Plaintiff, KRISTOPHER WALKER (hereinafter, "Walker" or "Plaintiff"), by and through his attorneys, Richard J. Gonzalez and Jaz Park, of The Law Offices of Chicago-Kent College of Law, and for his Complaint against Defendant, SERAC USA, (hereinafter, "Serac" or "Defendant"), states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the Family and Medical Leave Act of 1964, 29 U.S.C. § 2601 *et seq.* (the "FMLA") and by the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1 *et. seq.*

2. Jurisdiction is specifically conferred on this Court by the provisions of the FMLA, 28 U.S.C. § 1221.

3. Venue is proper by virtue of 28 U.S.C. § 1391(b).

4. Plaintiff brings this action within the limitations period of the relevant statutes.

### PARTIES

5. Plaintiff was an hourly employee of Defendant, hired on or about February 20, 2017, whose employment was terminated by Defendant on or about May 2019.

6. Defendant is and was at all relevant times a duly registered corporation doing business within the state of Illinois and an employer within the definition of the FMLA.

**FACTS**

7. On or about February 20, 2017, Plaintiff commenced employment with Defendant as a "Field Services Technician."

8. Plaintiff at all times performed adequately and otherwise met Defendant's legitimate performance expectations.

9. On or about April 10, 2018, Plaintiff's daughter was diagnosed with epilepsy; a condition that constitutes a "serious health condition" pursuant to the provisions of the FMLA.

10. On or about April 9, 2018, Plaintiff's daughter continued to suffer from unpredictable full-body seizures leaving his daughter unable to perform daily activities or care for her own medical, safety, or transportation. Plaintiff asked managerial agents of Defendant if Defendant would approve intermittent absences so he could care for his daughter.

11. On or about June 15, 2018, Plaintiff was advised by Human Resources representative Ann Moody that "FMLA can be approved only when definite consecutive dates of absence are established" and because Plaintiff was seeking intermittent absences, Defendant would not approve Plaintiff's FMLA request.

12. On or about July 18, 2018, the day before Plaintiff's first FMLA leave day, Plaintiff was given an "employee warning notice" which threatened future dismissal.

13. On or about August 24, 2018, Plaintiff's daughter suffered another seizure and Plaintiff was informed by his supervisor, Stefano Vernocci, he needed to travel to Mt. Crawford, Virginia that same day, regardless.

14. On or about February 19, 2019, Defendant sent Plaintiff to complete a drug test, which Plaintiff successfully passed.

2

15. On or about March 25, 2019, Plaintiff's daughter needed to change her medication and Plaintiff's requestes for time off during this time caused conflict between him and managerial agents of Defendant.

16. On or about May 16, 2019, Plaintiff was terminated.

## COUNT I:
## VIOLATION OF FMLA: RETALIATION AND INTERFERENCE

17. Plaintiff incorporates by reference paragraphs 1-16 as though fully set out herein.

18. The medical condition of Plaintiff's minor daughter constitutes a "serious health condition" within the meaning of the FMLA. At the relevant times, Plaintiff was eligible for FMLA protection.

19. Defendant's termination of Plaintiff's employment constituted retaliation with and interference with his rights under the FMLA, a violation of its duty to reinstate Plaintiff to his prior or a comparable position.

20. The foregoing conduct constitutes willful violations of the FMLA in that, despite Plaintiff's entitlement to the FMLA, Defendant harassed Plaintiff and terminated Plaintiff for having utilized medical leave under the FMLA.

21. As a proximate result of the foregoing facts, Plaintiff suffered loss of his job in addition to lost wages and benefits.

WHEREFORE, Plaintiff requests that this Court:

  A. Enter judgment finding that Defendant's refusal to restore Plaintiff to his prior or comparable position upon his return to work constituted a violation of the FMLA;

  B. Reinstate Plaintiff to his previous position;

  C. Award Plaintiff his lost wages, value of lost benefits and other monetary losses caused by Defendant's unlawful termination of his employment;

  D. Award Plaintiff an additional equal amount as liquidated damages;

  E. Award Plaintiff reasonable attorney's fees and costs of this action; and

  F. Such other relief as this Court deems just and appropriate.

## COUNT II:
## VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

22. Plaintiff repeats and re-alleges paragraphs 1-21 and incorporates same by reference.

23. The IWPCA mandates the payment of wages earned by covered employees. 820 ILCS § 115, *et. seq.*

24. Plaintiff's employment required frequent and lengthy automobile trips to locations in distant states, which required travel for time periods that exceeded a normal working schedule.

25. Wages due an employee are required to be paid no later than thirteen days after any pay period in which wages were earned.

26. Defendant violated 820 ILCS § 115/4 and its related provisions by failing to pay Plaintiff wages due.

27. Between the dates of December 10, 2017 and the termination of Plaintiff's employment in May, 2019, Defendant underpaid Plaintiff in the approximate amount of $14,255.00.

WHEREFORE, Plaintiff requests that this Court:

  A. Enter judgment finding that Defendant violated the IWPCA;

  B. Award Plaintiff his lost wages and all applicable penalties provided within the Act;

  C. Award Plaintiff reasonable attorney's fees and costs of this action;

  D. Such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully submitted,

        KRISTOPHER WALKER

4

By: s:/Richard J. Gonzalez
Richard J. Gonzalez
Attorney for Plaintiff

RICHARD J. GONZALEZ
Attorney for Plaintiff
Law Offices at Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel.: (312) 906-5079
Fax: (312) 906-5299
rgonzale@kentlaw.edu
Attorney Number: 24155

JAZ PARK
Attorney for Plaintiff
Law Offices at Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel: (872) 588-0440
Fax: (312) 906-5299
jaz.park@kentlaw.edu
Attorney Number: 52444